UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY MARSHALL PHILLIPS, JR.,

    Petitioner,

v.                                                                              Case No.   8:21-cv-960-WFJ-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Phillips, a Florida prisoner, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Respondent filed a response in opposition (Doc. 6). Upon consideration, the petition will be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Mr. Phillips was charged with fifty counts of possession of child pornography, one count of transmission of material harmful to minors, and one count of use of a computer to seduce, solicit, or entice a child to commit a sex act (Doc. 6-2, Ex. 14). He entered a negotiated plea of no contest to all charges against him (Id., Ex. 18; Ex. 20, transcript pp. 7-15). In accordance with the plea agreement, he was sentenced to concurrent 30-year terms of imprisonment on each count followed by 10 years on sex

1

offender probation (Id., Ex. 20, transcript p. 15; Ex. 23). The convictions and sentences were affirmed on appeal (*Id.*, Ex. 32).

Mr. Phillips filed a Motion for Post-Conviction Relief under Rule 3.850, Fla.R.Crim.P. (Id., Ex. 35). The state postconviction court denied grounds one, six, seven, and eight, and dismissed grounds two, three, four, five, nine, and ten with leave to amend (Id., Ex. 36). Mr. Phillips amended the dismissed grounds (Id., Ex. 37). The state postconviction court denied those grounds as facially insufficient (Id., Ex. 39). The state appellate court affirmed without opinion (Id., Ex. 42).

Mr. Phillips filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel (Id., Ex. 45). The petition was denied by the state appellate court (Id., Ex. 46).

Mr. Phillips filed his federal habeas petition (Doc. 1), which asserts three grounds for relief.

## II. GOVERNING LEGAL PRINCIPLES

Because Mr. Phillips filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent

2

possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

**A. Standard of Review Under the AEDPA**

Under the AEDPA, habeas relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

3

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Exhaustion and Procedural Default**

The writ of habeas corpus cannot be granted unless the petitioner has exhausted all available state court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lucas v. Sec'y, Fla. Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012) (citing 28 U.S.C. § 2254(b), (c)). Exhausting state remedies requires a petitioner to "fairly

present" his claims in each appropriate state court "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) and *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)).

Under the procedural default doctrine, a claim raised in a federal habeas petition is barred from review if the claim was not raised in state court and "the court to which the petitioner would be required to present [the] claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1. To avoid a procedural default, a petitioner must show "either cause for and actual prejudice from the default or fundamental miscarriage of justice from applying the default." *Lucas*, 682 F.3d at 1353; *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

### III. ANALYSIS

**Ground One:     Illegal Search an [sic] Siezure [sic]**

**Ground Three:   Search Exceeded Scope of Consent**

In Ground One, Mr. Phillips contends law enforcement officers entered his home and "performed a search and siezure [sic] without a warrant" in violation of his state and federal constitutional rights (Doc. 1, p. 6). Then the officers went before the state court and obtained a warrant after admitting they executed the search without a warrant (Id.).

In Ground Three, Mr. Phillips alleges he consented to a search of one of his cell phones for calls and text messages to the victim (Id., p. 9). He contends the officers exceeded the scope of his consent by "conducting a full forensic analys [sic][,]. . .retriving [sic] deleted data and searching the Sim card. . . ." (Id.).

### A. No relief warranted under state law

Respondent correctly argues Mr. Phillips' claim that the searches violated his rights under the Florida Constitution is not cognizable in this action (Doc. 6, p. 4). Generally, a claim alleging a violation of state law is not subject to review by a petition for the writ of habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *McCullough v. Singletary*, 967 F.2d 530, 535–36 (11th Cir. 1992). State courts, not federal courts on habeas review, are the final arbiters of state law. *See Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997) ("state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters."); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law ... binds a federal court sitting in habeas corpus.").

### B. The claims are procedurally barred from review

Respondent likewise correctly argues that to the extent Mr. Phillips raises a substantive claim that the officers' searches violated his rights under the Fourth Amendment to the United States Constitution, the claim is procedurally barred from review (Id., pp. 5-6). In state court, Mr. Phillips moved to suppress (Doc. 6-2, Ex. 9)

but did not assert a warrantless search of his home or that officers exceeded the scope of consent when searching his cellular phone. And even if he raised the claims in his motion to suppress, he failed to raise the issues in his brief on direct appeal (Id., Ex. 31). Because Mr. Phillips did not give the state courts one full opportunity to resolve the substantive Fourth Amendment claims by invoking one complete round of the state's established appellate review process, his Fourth Amendment claims are unexhausted. *Boerckel*, 526 U.S. at 845.

In his state postconviction motion, Mr. Phillips raised a claim that trial counsel was ineffective in failing to move to suppress based on officers exceeding the scope of consent and searching his home without a warrant (Id., Exs. 34-35). However, he did not raise his substantive Fourth Amendment violation claim (Id.). Mr. Phillips' assertion of an ineffective assistance of trial counsel claim for failing to move to suppress because officers exceeded the scope of consent and searched the home without a warrant was not sufficient to exhaust his substantive Fourth Amendment violation claim. *See LeCroy v. Sec'y for Fla. Dep't of Corrs.*, 421 F.3d 1237, 1260 n. 24 (11th Cir.2005) (noting that substantive claim was "separate and distinct" from ineffective assistance claim based on the substantive claim).

Mr. Phillips asserts neither cause and prejudice nor manifest injustice to excuse the procedural default. If Mr. Phillips returns to state court to exhaust the substantive claim, the state court would dismiss the claim as untimely and

7

procedurally barred. Fla.R.Crim.P. 3.850(b), (c). Consequently, Grounds One and Three are procedurally barred from federal review.

## C. The claims are waived

Finally, Respondent accurately argues these claims were waived when Mr. Phillips entered a no-contest plea (Id., p. 6). Because Mr. Phillips does not challenge the knowing and voluntary nature of his plea, he has waived these claims and they are precluded from habeas review. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *United States v. Hickman*, 202 F. App'x 419, 420 (11th Cir. 2006) ("A [trial] court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea.").[1]

In sum, Grounds One and Three warrant no relief because they either fail to state a federal claim or are waived and procedurally barred from review.

**Ground Two:     Illegal Sentence**

---

1 Mr. Phillips' no-contest plea is subject to the same analysis as a guilty plea. *See Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983) ("The fundamental constitutional consideration when a petitioner challenges his plea is whether it was voluntary. The rule is the same for pleas of guilty or nolo contendere.").

Mr. Phillips contends his sentences are illegal because they exceed the statutory maximum sentences for his offenses. He asserts that he was sentenced to thirty years in prison followed by ten years on probation on each count although his offenses were second-degree felonies which carried statutory maximum sentences of fifteen years and third-degree felonies which carried statutory maximum sentences of five years. Respondent argues that Ground Two warrants no relief because it alleges no federal constitutional violation, is procedurally barred, and is without merit (Doc. 6, pp. 7-9).

Mr. Phillips' claim that his sentences exceed the statutory maximum alleges a federal constitutional violation. *See Graber v. Sec'y, Dep't of Corr.*, 417 F. App'x 882, 883 (11th Cir. 2011) ("A petitioner's claim that his sentence exceeds the maximum authorized by state law properly falls within the scope of federal habeas corpus review because the eighth amendment bars a prison sentence beyond the legislatively created maximum.") (quoting *Echols v. Thomas*, 33 F.3d 1277, 1279 (11th Cir.1994)) (internal quotation marks omitted). Nonetheless, Respondent correctly argues the claim is procedurally barred. Mr. Phillips failed to allege either on direct appeal (Doc. 6-2, Ex. 31, docket p. 248) or in his motion to correct sentence (Id., Ex. 29) that his sentences exceed the statutory maximum. And Mr. Phillips' assertion of an ineffective assistance of trial counsel claim for allowing him to plead to an illegal sentence (id., Ex. 35, docket p. 286) was not sufficient to exhaust his substantive challenge to his sentence. *See LeCroy*, 421 F.3d 1237 at 1260 n. 24.

Mr. Phillips asserts neither cause and prejudice nor manifest injustice to excuse the procedural default. If Mr. Phillips returns to state court to exhaust the substantive claim, the state court would dismiss the claim as untimely and procedurally barred. Fla.R.Crim.P. 3.850(b), (c). Consequently, Ground Two is procedurally barred from federal review.

Even if the claim were not procedurally barred, it would fail on the merits. In denying Mr. Phillips' claim that trial counsel was ineffective in allowing him to plead to an illegal sentence, the state postconviction court found the sentence was "legal" because under Florida law where "a scoresheet reflects a lowest permissible sentence exceeding the statutory maximum, a court must impose the scoresheet's lowest permissible sentence absent a downward departure." (Id., Ex. 36, p. 2). The state postconviction court cited to § 921.0024(2), Fla. Stat., and *Rogers v. State*, 963 So. 2d 328, 336 n.4 (Fla. 2d DCA 2007), which provide that when a defendant's lowest permissible sentence under Florida's Criminal Punishment Code exceeds the statutory maximum, the lowest permissible sentence under the Code must be imposed.[2] *See also Butler v. State*, 838 So. 2d 554 (Fla. 2003) (concluding that a trial court could sentence a defendant to a term over the statutory maximum for an offense committed after October 1, 1998, where the lowest permissible sentence

---

2 Mr. Phillips' lowest permissible prison sentence was 59.7 years (Doc. 6-2, Ex. 19, docket p. 180). The trial court departed downward to 30 years consistent with the terms of Mr. Phillips' plea agreement (Id., Ex. 20, docket pp. 185, 187-88, 192, 194, 196).

under the Criminal Punishment Code exceeded the statutory maximum). The state appellate court affirmed the denial of Mr. Phillips' postconviction motion without a written opinion (Id., Ex. 42).

This Court must defer to the state courts' determination that Mr. Phillips' sentence did not exceed the maximum sentence authorized by Florida law because state courts, not federal courts on habeas review, are the final arbiters of state law. *See Agan*, 119 F.3d at 1549; *Bradshaw*, 546 U.S. at 76. Ground Two therefore warrants no relief.

Accordingly:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of the Court shall enter judgment against Mr. Phillips and close this case.

2. This Court should grant an application for a Certificate of Appealability (COA) only if Mr. Phillips makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing.[3]

---

[3] Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Accordingly, a COA is **DENIED**. And because Mr. Phillips is not entitled to a COA, he may not proceed on appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on July 20, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to:
Johnny Marshall Phillips, Jr., *pro se*
Counsel of Record